■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS WILLIAMS, Appellant. [7 NYS3d 910]—

Appeal by the defendant from an order of the County Court, Westchester County (Cacace, J.), entered February 24, 2012, which, after a hearing, granted the petition of the People of the State of New York pursuant to Correction Law § 168-o (3) for an upward modification of his risk level designation, and thereupon designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In 2000, the defendant was convicted, upon a plea of guilty, of attempted dissemination of indecent material to minors in the first degree, and sentenced to a five-year term of probation. With respect to that conviction, in 2002, the defendant was designated a level one sex offender for the purposes of the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]). In 2011, the People petitioned pursuant to Correction Law § 168-o (3) for an upward modification of the defendant's risk level designation. The County Court granted the petition, and designated the defendant a level three sex offender.

Pursuant to Correction Law § 168-o (3), the People may file a petition for an upward modification of a sex offender's SORA risk level designation where the sex offender "(a) has been convicted of a new crime, or there has been a determination after a proceeding pursuant to [Criminal Procedure Law § 410.70] that the sex offender has violated one or more conditions imposed as part of a sentence of . . . probation . . . and (b) the conduct underlying the new crime or the violation is of a nature that indicates an increased risk of a repeat sex offense." Here, the People demonstrated, by clear and convincing evidence (*see* Correction Law § 168-o [3]), that the defendant was convicted of a new crime and violated a condition of his probation, and that the conduct underlying the new crime and the violation was "of a nature that indicates an increased risk of a repeat sex offense" (Correction Law § 168-o [3]). Upon that showing, the County Court providently exercised its discretion in designating the defendant a level three sex offender.

Contrary to the defendant's contention, the County Court did not err in granting the People's petition for an upward modification without first obtaining a new Risk Assessment Instrument (hereinafter RAI) from the Board of Examiners of Sex Offenders (hereinafter the Board). Correction Law § 168-o specifies that, upon the receipt of such a petition, "the court shall forward a copy of the petition to the board and request an updated recommendation pertaining to the sex offender" (Correction Law § 168-o [4]). The County Court followed this procedure and received an "updated recommendation" from the Board, in the form of a letter. The RAI, an "objective assessment instrument" created by the Board to assess an offender's "presumptive risk level" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3 [2006]) was designed to assist the courts in reaching an initial SORA deter-

mination. Indeed, if a new RAI was completed upon the filing of the People's petition, it would be almost identical to the initial RAI, in which 10 out of the 15 risk factors addressed the subject sex offense and crimes committed prior to that offense (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [2006]). Thus, the County Court was not required to obtain a new RAI from the Board in considering the People's petition for an upward modification pursuant to Correction Law § 168-o (3).

Accordingly, we affirm the order granting the People's petition and thereupon designating the defendant a level three sex offender. Mastro, J.P., Skelos, Dickerson and LaSalle, JJ., concur.